ROBERT DAVID BAKER, INC.
Robert David Baker, Esq. (87314)
80 South White Road
San Jose, CA 95127
Telephone: (408) 251-3400
Facsimile: (408) 251-3401
rbaker@rdblaw.net

Attorney for Plaintiffs
HECTOR DE LEON; CARLOS CISNEROS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| HECTOR DE LEON; CARLOS CISNEROS, on behalf of themselves and those similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>MASTRIA INCORPORATED; NELLO MASTRIA,<br><br>Defendants. | CASE NUMBER:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1.) Violation of FLSA, section 207 (overtime wages);<br>2.) Violation of California Labor Code § 510;<br>3.) Violation of Labor Code §§ 226.7, 512 (meal and rest break)<br>4.) Violation of Labor Code § 201 (wages at termination)<br>5.) For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code §§ 17200, et seq.<br>6.) For Violations of PAGA |
|---|---|

Plaintiffs, Hector De Leon and Carlos Cisneros, and on behalf of those similarly situated individuals allege as follows:

## JURISDICTION AND VENUE

This action is brought pursuant to 29 U.S.C. A. §§ 201, et seq., and this court has jurisdiction pursuant to 29 U.S.C.A. § 216(b) and the doctrine of pendent and supplemental

jurisdiction pursuant. Pursuant to 29 U.S.C. A § 216(b), Plaintiffs bring this action on behalf of themselves and those similarly situated individuals (hereinafter "Plaintiffs").

1. Plaintiffs, Hector De Leon and Carlos Cisneros, are individuals who have their place of residence in the Northern District of California;

2. Defendant Mastria Incorporated is a California Corporation, with its principal place of business in Santa Clara County, California. Plaintiffs are informed and believe that Nello Mastria is an individual, residing in the Northern District of California, who is the principal and sole and controlling stockholder in Defendant Mastria Incorporated, hereinafter collectively referred to as ("Defendants"). Plaintiffs are informed and believe that Mastria Incorporated, is the alter ego of Defendant Nello Mastria, and that Mastria Incorporated was formed, among other reasons, to defraud workers like Plaintiffs by erecting a corporate shield to protect Defendant Nello Mastria's wrongful conduct. Mastria Incorporated is not properly capitalized to respond in damages to workers' wage complaints such as Plaintiffs herein. There is such a unity of interests between Mastria Incorporated and Defendant Nello Mastria that it would be unfair and inequitable to honor the corporate shield in the instant case because the result would be to fraudulently deprive Plaintiffs in this action of money lawfully owing to them due to their earnest labors, and such a result would be unequitable. There is a unity of interest and ownership between Mastria Incorporated and Defendant Nello Mastria such that the separate personalities of the corporation and the individual no longer exist, *inter alia*, to wit: money and assets are comingled between Nello Mastria and Mastria Incorporated; the formalities of the corporate structure are disregarded by Defendant Nello Mastria; Defendant Nello Mastria

otherwise ignores the corporate separateness between himself and Mastria Incorporated;

3. Plaintiffs are informed and believe that each employee, agent, or manager of Defendants personally participated, directed, authorized, and ratified the conduct set forth hereinafter. The conduct of these individuals was done in the course and scope of their agency and employment with Defendants;

4. Plaintiffs allege that those individuals similarly situated to themselves were subject to a plan, and policy of Defendants that deprived them of their lawfully earned overtime compensation;

## SUBSTANTIVE ALLEGATIONS

5. Plaintiffs, Hector De Leon and Carlos Cisneros, began working at Mastria Incorporated more than four years prior to the filing of this complaint;

6. Plaintiffs performed painting duties that were non-exempt duties under both California and Federal wage and hour law;

7. From on or after the date of their hire, Plaintiffs were required to work in excess of eight hours per day and/or forty hours per week without overtime compensation;

8. During their employment with Defendants, Plaintiffs' hourly rate was set by union contract;

9. During all times relevant herein, Plaintiffs were denied meal breaks and rest breaks;

10. During all times relevant herein, Plaintiffs were not subject to an exemption from overtime compensation pursuant to California or Federal law;

11. Plaintiffs are informed and believe that Defendants had a plan and scheme, whereby they would increase their profits and gain competitiveness over similarly situated

businesses by depriving hourly workers of overtime compensation, and therefore Plaintiffs are bringing this action as a class action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) to address this uniform company policy and practice regarding the unlawful plan and scheme affecting those similarly situated individuals;

12. The unlawful plan and scheme employed by Defendants consisted of Defendants withholding hours from Plaintiffs' weekly hours worked in order that the daily and weekly hours of work would not exceed eight hours per day and forty hours per week, so that Defendants would not have to pay Plaintiffs overtime. At times subsequent to the check paid by Defendants to Plaintiffs for a particular weekly payroll, Defendants would pay Plaintiffs by cash or check a portion of the hours that Defendants had withheld from the weekly hours worked.

### FIRST CAUSE OF ACTION
(Violation of Fair Labor Standards Act – Overtime Compensation
29 U.S.C. § 207)

13. Plaintiffs incorporate those paragraphs 1 through 12, inclusive, as if fully set forth hereinafter;

14. At all times relevant herein, Plaintiffs were covered pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. A. § 201, *et seq.* ("FLSA"). Defendants were employers within the meaning of the 29 U.S.C.A. § 203(d);

15. 29 U.S.C.A. § 207 requires all covered employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by law;

16. Although Plaintiffs were not exempt from overtime compensation during their employment with Defendants, and although Defendants had full knowledge of their duty to pay overtime compensation to Plaintiffs, Defendants knowingly caused,

suffered, and permitted Plaintiffs to regularly work in excess of forty hours per week without paying them overtime wages of one-and-one-half their regular rate of pay;

17. By not paying overtime wages in compliance with the FLSA, Defendants violated the rights of Plaintiffs under the FLSA;

18. As a direct and proximate cause of Defendants failure to pay overtime wages under the FLSA, Plaintiffs incurred compensatory damages in the form of lost overtime compensation;

19. Defendants willfully and intentionally, and with reckless disregard of their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their overtime compensation, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. §216(b);

20. Plaintiffs have been compelled to retain an attorney to bring this action for relief and are entitled to an award of reasonable attorney fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs pray for judgment as set forth below;

### SECOND CAUSE OF ACTION
(Violation of California Labor Code Sections 510- Non Payment of Overtime)

21. Plaintiffs re-allege and incorporate the allegations of paragraphs 1- 20 as if fully set forth herein;

22. During the last 3 years, Plaintiffs employment was subject to California Labor Code Section 510, et. al, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which require all covered employees to be paid overtime for work performed in excess of forty hours per week and eight hours per day, unless specifically exempted by the law;

23. At all times relevant herein, Plaintiffs regularly worked in excess of forty hours per week and/or in excess of eight hours per day. Plaintiffs were not paid the required overtime rate;

24. During the last 3 years, Defendants knowingly and willfully caused, suffered and permitted Plaintiffs to regularly work in excess of forty hours per week and/or eight hours per day without paying them the required overtime rate;

25. By not paying Plaintiffs overtime wages in compliance with California law, Defendants violated Plaintiffs' rights under the law, specifically California Labor Code Section 510;

26. As a direct and proximate cause of Defendants' failure to pay proper overtime wages under the California Labor Code and Wage Orders, Plaintiffs have incurred compensatory damages in the form of lost overtime compensation in amounts to be proven at trial;

27. Defendants were aware of the existence and requirements of the California Labor Code Section 510 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs the overtime compensation due them at the time their employment ended;

28. Plaintiffs have been compelled to retain an attorney for the purpose of redress of the Labor Code violations and is entitled to an award of attorneys fees and pre-judgment interest pursuant to California Labor Code Section 1194(a), and other applicable Code sections;

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## THIRD CAUSE OF ACTION
(Meal and Rest Breaks
Labor Code §§ 226.7, 512)

29. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-28 as if fully stated herein;

30. At all times relevant herein, Plaintiffs employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission;

31. During the period three years prior to the filing of the complaint, Plaintiffs routinely worked more than eight hours per day and over forty hours per week, yet Defendants never offered Plaintiffs meal breaks nor mandatory ten minute rest breaks, and compelled Plaintiffs to work through those meal and rest break periods;

32. By requiring Plaintiffs to work through the mandated meal and rest breaks, Defendants violated Plaintiffs' rights under Labor Code Section 226.7;

33. As a direct and proximate cause of Defendants failure to provide the mandated meal and rest breaks under the California Labor Code and Wage Orders, Plaintiffs have incurred compensatory damages in the form of lost meal and rest break premiums in amounts to be proven at trial;

34. Defendants were aware of the existence and requirements of California Labor Code Sections 226.7 and 512 and the Wage Orders, and Defendants willfully, knowingly, and intentionally failed to provide Plaintiffs with the mandatory meal and rest breaks;

WHEREFORE, Plaintiffs pray for judgment as set forth below.

//

//

# FOURTH CAUSE OF ACTION
(Failure to Pay Wages Upon Termination
Labor Code §§ 201, 202, 203)

35. Plaintiffs re-allege and incorporate those allegations of paragraphs 1-34, as if fully stated herein;

36. Defendants are subject to Labor Code Sections 201, 202, and 203, which provide that upon discharge or layoff the subject employee is subject to immediate payment within a reasonable amount of time not to exceed 72 hours;

37. Defendants failed to make immediate payment to Plaintiffs upon discharge;

38. By not paying Plaintiffs immediate terminating wages upon discharge, Defendants violated Plaintiffs' rights under Labor Code Section 201;

39. As a direct and proximate cause of Defendants failure to pay immediate compensation due under California Labor Code Section 201, Plaintiffs have incurred compensatory damages in the form of lost wages, in an amount to be proven at trial;

40. Defendants were aware of the existence of the requirement of immediate payment pursuant to California Labor Code Section 201, and willfully, knowingly, and intentionally failed to pay Plaintiffs the immediate payment upon termination or layoff;

41. Plaintiffs have been required to retain an attorney for the purposes of redress of the Labor Code Violations set forth herein and are entitled to an award of attorney fees and pre-judgement interest pursuant to California Labor Code Section 1194(a), and other applicable Labor Code sections.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

//

# FIFTH CAUSE OF ACTION
(For Restitution of Unpaid Overtime Wages
In Violation of California's Unfair Trade Practices Act
Business and Profession Code Sections 17200, et seq.)

42. Plaintiffs re-allege and incorporate those allegations of paragraphs 1-41, as if fully stated herein;

43. At all times relevant herein, Plaintiffs employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission and the FLSA, which require all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law. Pursuant to the California Labor Code and Applicable Wage Orders, Defendants were required to provide meal and rest breaks to its employees;

44. During 4 years prior to filing the complaint, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq.*). Defendants violated the Unfair Trade Practices Act, by <u>inter alia</u>, failure to pay Plaintiffs overtime pay and provide meal and rest breaks; and pay a minimum wage;

45. During 4 years prior to filing the complaint, Defendants wrongfully obtained monies in the form of overtime wages and equivalent employee meal and rest break hours that inured to Plaintiffs. By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by the California Labor Code and applicable California Wage Orders, in order to give Defendants a competitive advantage over businesses with whom

Defendants are in competition with, and who were in compliance with California wage and hour laws;

46. As a direct and proximate cause of Defendants statutory violations, the rights of the Plaintiffs under the law were violated, causing them to incur general damages in the form of unpaid and lost wages to which they are legally entitled;

47. Defendants were aware of the existence and requirements of the state and federal wage and hour laws, and willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay and provide meal and rest breaks. Plaintiffs herein seek restitution of such compensation pursuant to the Business and Professions Code §17203;

WHEREFORE, Plaintiffs prays for judgment as set forth below.

### SIXTH CAUSE OF ACTION
(Labor Code Private Attorneys General Act of 2004)

48. Plaintiffs re-allege and incorporates those allegations 1-47, as if fully stated herein;

49. Plaintiffs and those persons similarly situated to Plaintiffs are aggrieved employees as defined in California Labor Code section 2699(c), for the following Labor Code violations committed by Defendants, and are entitled to penalties for each plaintiff and similarly situated person of $100 per pay period for the initial violation and $200 per Plaintiff and similarly situated person for each subsequent pay period violation, for the following violations;

50. Labor Code Section 204b – Plaintiffs Hector De Leon and Carlos Cisneros, and other similarly situated persons, are due overtime within the statutory period. Labor Code Section 2046 was violated because the aggrieved persons were paid on a weekly basis and were not paid for all wages earned during the pay period. Each of the aggrieved

persons earned overtime during each week they worked and were not paid for that overtime on the regular pay date for such weekly-paid employee falling during the following week. Moreover, each weekly-paid aggrieved person performed work during each calendar week of their employment and subsequent to the regular payday, and intermittently were not paid on or before seven days after the regular pay day of the aggrieved person for such weekly-paid person falling during the following week;

51. Labor Code Section 226 – Plaintiffs Hector De Leon and Carlos Cisneros, and other similarly situated persons, received an itemized statement as required by Labor Code section 226, which was inaccurate for the following reasons:

   1. Each statement of each aggrieved person was inaccurate because it did not set forth the "gross wages" because overtime hours were not calculated and included in the "gross wage;"

   2. Each itemized statement of each aggrieved person was inaccurate because it did not set forth the "net wages," because overtime hours were not calculated and included in the "net wage;

   3. Each itemized statement for each aggrieved person does not set forth the number of hours worked because it does not state the overtime hours worked;

52. Labor Code Section 226.7 – Plaintiffs Hector De Leon and Carlos Cisneros, and other similarly situated persons, during the term of their employment, worked in excess of eight hours per day and were not provided a rest or recovery period as mandated by Labor Code Section 512, or were required to work during the rest or recovery period;

53. Labor Code Section 510 – Plaintiffs Hector De Leon and Carlos Cisneros, and other similarly situated persons, worked in excess of eight hours per day and in excess of forty hours per week in any work week, and were not paid overtime compensation;

54. Labor Code Section 512 – Plaintiffs Hector De Leon and Carlos Cisneros, and other similarly situated persons, were denied meal periods during the term of their employment in compliance with Labor Code section 512;

55. Labor Code Section 1174(d) – Plaintiffs Hector De Leon and Carlos Cisneros, and other similarly situated persons, were subject to Mastria Incorporated's failure to keep payroll records showing the hours worked daily and the wages paid to each aggrieved person, by virtue of the failure to include overtime hours worked;

56. Plaintiffs will mail the required notification to the Labor and Workforce Development Agency and will amend this complaint to allege the declination of the Labor Workforce Development Agency to investigate the above claims.

WHEREFORE, Plaintiffs pray for judgment as set forth below;

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment against the Defendants and demand as follows:

1. Award Plaintiffs economic and compensatory damages for unpaid overtime wages, meal and rest break premiums and other pecuniary losses in amounts to be proven at trial;

2. Award to Plaintiffs pre-judgment interest of 10% on the amounts due under the California Labor Code;

3. Award to Plaintiffs liquidated damages according to the FLSA;

4. Award to Plaintiffs restitution of unpaid overtime and meal and rest break premiums, inter alia, pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

5. Award to Plaintiffs compensation pursuant to Labor Code Section 201, for the failure of Defendants to make immediate payment of wages due on discharge or layoff;

6. Enter an order certifying Plaintiffs and other similarly situated persons pursuant to the Labor Code Private Attorneys General Act of 2004, for the violations of the labor code as set forth in the sixth cause of action, and attendant attorney fees;

7. Enter an order certifying this action as an FLSA collective class action based on the class of hourly employees who worked for Defendants within the past four years, and who were entitled to overtime compensation pursuant to 29 U.S.C. § 207;

8. Enter a permanent injunctive order against Defendants ensuring compliance with California Labor Code and Wage Orders and the FLSA;

9. An order holding Defendant Nello Mastria liable for all damages incurred by Plaintiffs;

10. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and the FLSA;

11. Award Plaintiffs their costs of suit herein;

12. Grant such other and further relief as this Court may deem appropriate.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL CAUSES**

Dated: February 7, 2017

_____/S/_____
Robert David Baker, Esq.